interviews with Dr. Bohn could only be an implied admission if the circumstances were such that Appellant would have found it necessary to respond. The District cannot establish the reasonable necessity of such a response since Appellant was specifically told that he need not respond when the accusations were repeated to him. Appellant's silence under the circumstances cannot be seen as acquiescence in the truth of the statements attributed to Wagner and Osborne. *Levin v. Van Horn,* 412 Pa. 322, 194 A.2d 419, 421 (1963).

Moreover, the additional evidence of Appellant's silence is merely cumulative of Appellant's silence before the Board. The fact that Appellant failed to address the allegation four times rather than once does not bring the truth any closer to the light. Silence, no matter how frequently manifested or persistently maintained, can never accumulate to the point that it constitutes substantial evidence.

For the foregoing reasons, the Order of the Commonwealth Court is REVERSED.

NEWMAN, J., did not participate in the consideration or decision of this case.

713 A.2d 626

**AAF–McQUAY, INC., (formerly known as Snyder General Corporation), AVCO Corporation, Borden, Inc., the Dial Corp.,Elf Atochem North America, Inc., General Refractories Company, Hercules, Inc., Maricopa County, a Body Corporate and Politic of the State of Arizona, Pfizer, Inc., PRB Metal Products, Inc., Quaker Chemical Corporation, Reichold Chemical Corp., Reynolds Metals Company, Testron, Inc., and Wheeling Pittsburgh Steel Corp.**

v.

**PENNSYLVANIA DEPARTMENT OF INSURANCE and Bankers Standard Insurance Company, Century Indemnity Company, Century Reinsurance Company, CIGNA Corporation, CIGNA Holdings, Inc., CIGNA Property & Casualty Insurance Company, CIGNA Insurance Company, CIGNA Insurance Company Of Ohio, CIGNA Insurance Company Of Texas, CIG-**

NA Fire Underwriters Insurance Company, CIGNA Indemnity Insurance Company, CIGNA Reinsurance Company, CIGNA Specialty Insurance Company, CIGNA Insurance Company of Illinois, Coast to Coast Management Company, Delaware Reinsurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, INA Corporation, INA Financial Corporation, INA County Mutual Insurance Company, Illinois Union Insurance Company, and Pacific Employers Insurance Company.

Petition of PENNSYLVANIA DEPARTMENT
OF INSURANCE.

PPG INDUSTRIES, INC., Dresser Industries,
Inc., Crane Company, Respondents,

v.

COMMONWEALTH of Pennsylvania INSURANCE
DEPARTMENT, Petitioner.

ALLEGHENY PITTSBURGH COAL COMPANY, West Penn Power Company, West Penn West Virginia Water Power Company, West Virginia Power and Transmission Company, Monongahela Power Company, Allegheny Power System, Inc., Allegheny Power Service Corporation, Allegheny Generating Company and Potomac Edison Company, Truk–Away of R.I., Inc., and Domtar, Inc., Respondents,

v.

COMMONWEALTH of Pennsylvania INSURANCE
DEPARTMENT, Petitioner.

Supreme Court of Pennsylvania.

June 23, 1998.

## ORDER

PER CURIAM:

**AND NOW,** this 23rd day of June, 1998, the Order dated June 9, 1998, having been entered due to administrative error, is **VACATED.**